IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| Peiqiong Li | )<br>) |
| Plaintiff, | ) Case No.: 24-cv-03326<br>) |
| v. | ) Judge: Hon. Sara L. Ellis<br>) |
| The Partnerships and Unincorporated Associations Identified in Schedule "A", | ) Magistrate: Hon. Gabriel A. Fuentes<br>)<br>) |
| Defendants. | )<br>) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

**I.   INTRODUCTION**

Plaintiff Peiqiong Li ("Plaintiff") brings this action against Defendants, as identified in Schedule A to the Complaint (filed under seal) (collectively, the "Defendants") for design patent infringement. As alleged in the Complaint, Plaintiff owns U.S. Patent No. D968,311 for a "Roof Rack Crossbar" ("Asserted Patent"). The Defendants are illegally promoting, copying, manufacturing, advertising, marketing, distributing, offering for sale, and selling products that infringe Asserted Patent (hereafter "Accused Products") through various websites/webstores designed to mislead consumers that the products sold are genuine products.

**II.   STATEMENT OF FACTS**

On **May 7, 2024**, this Court granted Plaintiff's Motion for Entry of a Temporary Restraining Order (the "TRO") **[Docket No. 15]**. The TRO authorized Plaintiff to provide notice of these proceedings to Defendants by sending an e-mail to the webstores identified in Schedule A of the Complaint and any e-mail addresses provided for Defendants. TRO at ¶ 7. Since and pursuant to entry of the TRO, Plaintiff has served all of the Defendants with the Complaint, summons, and

1

other docket items **[Docket No. 22]** pursuant to FRCP 4(f)(3). Plaintiff has also been working with third party service providers to transfer and disable the Infringing Websites.

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction against Defendants, so that they remain enjoined from the manufacture, importation, distribution, offering for sale, and sale of Counterfeit Products during the pendency of this action. As part of the Proposed Preliminary Injunction Order, Plaintiff requests that the Infringing Webstores financial accounts remain frozen until these proceedings have concluded.

### III. ARGUMENT

#### A. Converting the TRO is Appropriate and Necessary

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further illegal conduct by Defendants. *See, e.g., True Religion Apparel, Inc., et al. v. Does 1-100*, No. 1:12-cv-9894 (N.D. Ill. Jan. 15, 2013) (unpublished) (Docket No. 32); *Oakley, Inc. v. Does 1-100*, No. 1:12-cv-9864 (N.D. Ill. Dec. 27, 2012) (unpublished) (Docket No. 23); *Coach, Inc., et al. v. Lin Feng, etal.*, No. 1:12-cv-08963 (N.D. Ill. Nov. 29, 2012) (unpublished) (Docket No. 36).

The standards for granting a TRO and a preliminary injunction are the same and this Court has previously ruled them satisfied. *See, e.g. Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01-cv-00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001) (citations omitted). A party seeking to obtain a preliminary injunction must demonstrate: (1) that its case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) that it will suffer irreparable harm if the injunction is not granted. *See TY, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001).

If the Court is satisfied that these three conditions have been met, then it must consider the harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied. *Id*. Finally, the Court must consider the potential effect on the public interest (non-parties) in denying or granting the injunction. *Id*. The Court then weighs all of these factors, "sitting as would a chancellor in equity," when it decides whether to grant the injunction. *Id*. (quoting *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992)). This process involves engaging in what the Court has deemed "the sliding scale approach" – the more likely the plaintiff will succeed on the merits, the less the balance of harms need favor the plaintiff's position. *Id*. The sliding scale approach is not mathematical in nature, rather "it is more properly characterized as subjective and intuitive, one which permits district courts to weigh the competing considerations and mold appropriate relief." *Id.* at 895-896. The greater the movant's likelihood of succeeding on the merits, the less the balancing of harms need be in his favor. *See Eli Lilly & Co. v. Natural Answers, Inc.*, 233 F.3d 456, 461 (7th Cir. 2000).

As established by the uncontroverted evidence in the **Declaration of Peiqiong Li [Docket No. 11, Attachment #1]**, the Declaration of Kevin Keener and Exhibit 2 thereto **[Docket Nos. 11-3, 12-2]**, and accompanying evidence of infringement via screen captures of the infringing websites **[Docket Nos. 12, 12-1]**, the requirements for entry of a preliminary injunction have been satisfied. The record establishes that through their illegal operations, Defendants have infringed the **D'311 Patent**. Thus, Plaintiff is entitled to preliminary injunctive relief against Defendants.

### B. The Asset Restraining Order Remains Appropriate

Plaintiff also seeks to convert the TRO to a preliminary injunction so that Defendants' accounts in U.S.-based financial institution or companies remain frozen. Since entry of the TRO,

Plaintiff has served the TRO upon third party web commerce websites that have assisted with identifying and freezing a number of financial accounts linked to the Infringing Merchants that are offering for sale and/or selling Counterfeit Products.

In the absence of a preliminary injunction, Defendants may attempt to move any assets from any accounts in U.S.-based financial institutions to offshore accounts. Therefore, a preliminary injunction order that requires Defendants' assets to remain frozen for the remainder of the proceedings will preserve the status quo. *See, e.g., Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995) ("A request for equitable relief [under the Lanham Act] invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief."); *Playboy Enter., Inc. v. Baccarat Clothing Co.*, 692 F.2d 1272, 1275 (9th Cir. 1982) (stating that because "it is essential that the trial courts carefully fashion remedies which will take all the economic incentive out of trademark infringement, . . . courts must implement fully the requirement of § 1117(a)(1) [allowing plaintiff] to recover (1) defendant's profits . . .").

Thus, an order continuing to freeze the Defendants' assets pending the conclusion of this action should be granted to ensure meaningful relief for Plaintiff and to preserve the status quo with foreign defendants who can abscond with assets at issue from the sale of counterfeit and infringing goods.

## IV.  CONCLUSION

In view of the foregoing, Plaintiff respectfully requests that this Court enter a Preliminary Injunction consistent with the terms of the TRO in order to preserve the status quo while Plaintiff seeks justice for its claims in its Complaint.

Dated:  May 20, 2024 <span></span> Respectfully submitted,

By:     /s/ Kevin Keener

Kevin J. Keener
ARDC #6296898
Keener & Associates, P.C.
161 N. Clark Street, Suite #1600
Chicago, IL 60601
(312) 523-2164
kevin.keener@keenerlegal.com
