**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Li,<br><br>    Plaintiff,<br> v.<br><br>PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS INDENTIFIED ON SCHEDULE A.<br><br>    Defendants, | Case No. 1:24-cv-03326<br><br>**DEFENDANT THE KITS PRO'S MOTION TO VACATE THE PRELIMINARY INJUNCTION**<br><br>Judge Sara L. Ellis |

## I. INTRODUCTION

Defendant The KitsPro (hereinafter referred to as "Defendant"), pursuant to *Fed. R. Civ. P. 60(a) and 60(b)*, respectfully moves the court for an order to vacate the Preliminary Injunction again it.

Defendant is a China-based limited liability company which mainly manufactures and sells auto parts. It operates an e-commerce online store on Amazon to expand its business overseas.

On May 20, 2024, Defendant received an email from Plaintiff's counsel containing Plaintiff's Complaint, Summons and the Temporary Restraining Order. On the same day, Plaintiff's counsel

-1-

also sent a Motion for Entry of a Preliminary Injunction (*ECF No. 23*) and provided the Notice of Motion, which included the hearing's time and venue.

On May 22, 2024, the court granted Plaintiff's Motion for Entry of Preliminary Injunction. See *ECF No. 27*.

## II. LEGAL STANDARD

**1. Legal standard for relief from a judgment or order.**

"The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, or other part of the record. The court may do so on motion or on its own, with or without notice." *Fed. R. Civ. P. 60(a)*

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for … (1) mistake, inadvertence, surprise, or excusable neglect[.]" *Fed. R. Civ. P. 60(b)(1)*

**2. Legal standard for granting a preliminary injunction.**

"The court may issue a preliminary injunction only on notice to the adverse party." *Fed. R. Civ. P. 65.* While the "'Rule 65 does not specify what constitutes sufficient notice.' *People ex rel. Hartigan v. Peters*, 871 F.2d 1336, 1340 (7th Cir.1989). 'Ultimately, that court determined that the question of what constitutes sufficient notice should be left to the district court's discretion[,]'" *Fellowes, Inc. v. Fellowes Bus. Machines (Changzhou) Co.*, No. 11 C 6289, 2011 WL 8792153,

at 2 (N.D. Ill. Sept. 26, 2011) "improper notice is a ground for dissolving injunctive relief." *U.S. Commodity Futures Trading Comm'n v. Garofalo*, No. 10 C 2417, 2010 WL 11245430, at 3 (N.D. Ill. Dec. 21, 2010) "The Rule does not specify a time period for proper notice, but the Supreme Court has explained that a defendant must be "given a fair opportunity to oppose the application and to prepare for such opposition." *Id*. (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 433 n.7 (1974)) In *Granny Goose Foods*, the Supreme Court stated its opinion in footnote 7 that "[t]he notice required by Rule 65(a) before a preliminary injunction can issue implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." 415 U.S. 423, 433, 94 S. Ct. 1113, 1122, 39 L. Ed. 2d 435 (1974) The Supreme Court also held that "[t]he same-day notice … does not suffice." *Id*.

### 3. ARGUMENT

The core underlying issue here is whether Defendant was given a fair opportunity to oppose the application and to prepare for such opposition.

The answer is clearly no. Like in *Granny Goose Foods*, the time gap between the court's decision to grant Plaintiff's Motion for Entry of a Preliminary Injunction and the delivery of Notice of this motion for Defendant was less than two days. In addition, Defendant's counsel was just retained on May 20, 2024, and no sufficient time was provided for him to gather and digest necessary information of the case. It was extremely challenging for both Defendant and its counsel to prepare for an opposition to this motion within such short period of time. Moreover, both the Defendant and its counsel had already established an expectation based on the received Notice of

Motion that a hearing would be held on May 23 for presentation of the Motion for Entry of a Preliminary Injunction, and this expectation was completely shattered when they received the court's order on May 22.

As the Defendant was not given a fair opportunity to oppose the application and to prepare for such opposition, the notice of the issued preliminary injunction was improper, warranting dissolution of the injunctive relief based on either mistake or surprise of Rule 60(b), or mistake arising from oversight or omission of Rule 60(a).

## 4. CONCLUSION

In conclusion, the Defendant respectfully requests the vacatur of the Preliminary Injunction due to the inadequate notice and insufficient opportunity to prepare for opposition, which contravenes the legal standards outlined in *Fed. R. Civ. P. 60.* The swift court decision, granting the injunction with less than two days' notice, and the recent engagement of Defendant's counsel, resulted in a procedural oversight that did not allow for a fair hearing as per *Granny Goose Foods* precedent. This justifies the dissolution of the injunctive relief under Rule 60(a) for oversight or Rule 60(b) for surprise, thereby ensuring procedural fairness and adherence to the rule of law.

Date: May 22, 2024

                                        Respectfully submitted
                                        By: /s/ Huicheng Zhou
                                        Solo Practice
                                        25 S Raymond Ave, Suite 300
                                        Alhambra, CA 91801
                                        huichengzhou.attorney@gmail.com
                                        Tel: (626)724-4819
                                        Attorney for KitsPro

## **CERTIFICATE OF SERVICE**

    I hereby certify that on May 22, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for Plaintiff and all CM/ECF participants.

Date: May 22, 2024

                                                Respectfully submitted
                                                By: /s/ Huicheng Zhou
                                                Solo Practice
                                                25 S Raymond Ave, Suite 300
                                                Alhambra, CA 91801
                                                huichengzhou.attorney@gmail.com
                                                Tel: (626)724-4819
                                                Attorney for KitsPro